IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NILKANTH, LLC ) | |
| *doing business as* Townsman Inn, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-1126-TC-TJJ |
| ) | |
| WESTERN WORLD INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Western World Insurance Company's Motion to Compel Responses to Written Discovery (ECF No. 29). Pursuant to Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.1, Defendant asks the Court to enter an order overruling Plaintiff's objections and compelling full, complete, and verified responses to Interrogatory No. 9 and Request for Production No. 13 of its opening discovery. As set forth below, the Court grants Defendant's motion.

I.     Relevant Background

Defendant served its First Interrogatories and First Request for Production of Documents to Plaintiff on October 6, 2021.[1] Defendant agreed to two extensions of Plaintiff's deadline to respond, and on December 15, 2021, Plaintiff timely served its responses and objections. On December 28, 2021, Defendant sent a Golden Rule letter to which Plaintiff replied on January 10, 2022, by serving supplemental discovery responses and a written explanation of its position on certain issues. Counsel continued to exchange emails and on January 13, 2002, they spoke. During their conversation, counsel resolved all outstanding issues but for those addressed in

---

[1] *See* ECF No. 18.

Defendant's motion.

The Court finds the parties have conferred in attempts to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

**II.   Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. It provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[2]

Considerations of both relevance and proportionality govern the scope of discovery.[3] Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[4] Information "need not be admissible in evidence to be discoverable."[5] The 2015 amendment to the rule deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[6]

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[5] Fed. R. Civ. P. 26(b)(1).

[6] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[7] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[8] Relevancy determinations are generally made on a case-by-case basis.[9]

### III.   Analysis

Defendant seeks an order overruling Plaintiff's objections to Interrogatory No. 9 and RFP No. 13, and compelling Plaintiff to fully answer Interrogatory No. 9 and to provide all documents responsive to RFP No. 13 as modified.[10] The two discovery requests go hand in hand, so the Court considers them together.

Interrogatory No. 9 seeks the following information:

> Please list all claims for damages, compensation and/or insurance coverage that Plaintiff has filed within the last ten years, and for each claim state who the claim was filed with, the reason for filing, and the representative of Plaintiff that

---

[7] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[8] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[9] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[10] The motion also seeks to compel Plaintiff to produce documents responsive to Defendant's Request for Production No. 26. In its response, Plaintiff states that it produced responsive documents after Defendant filed this motion and is working to obtain any additional responsive documents. Defendant makes no mention of this request in its reply, which the Court construes as Defendant's agreement that the issue is resolved.

submitted the claim.

Plaintiff answered as follows:

> Plaintiff objects that this interrogatory is overly broad in terms of scope as it seeks information about past insurance claims that have nothing to do with the property damage at issue in this case or the claim at issue in this matter and therefore, is not calculated to lead to the discovery of evidence relevant to any party's claim or defense. The roofs at issue at the Townsman Inn were just over one year old in May 2019, when the storm at issue hit the property. Plaintiff's claim for damages is limited to the roofs and roof components as detailed in the estimates from H&H Roofing, bates labeled TI-0164 to TI-0167. In 2017, Plaintiff made an insurance claim for roof damage that in part resulted in the March and April 2018 roof replacement. The documents in Plaintiff's possession related to the 2017-2018 insurance claim are bates labeled TI-0895-TI-907.[11]

In its Golden Rule letter, Defendant offered to limit the interrogatory to "weather or act of god related damages claims Plaintiff has made in the last 10 years."[12] But in responding to the letter, Plaintiff's counsel wrote that "10 years is far too over broad and anything other than insurance claims regarding the roof claims on the property are not relevant since Plaintiff's claims and damages are limited to only roof damage."[13] Plaintiff also amended its answer to Interrogatory No. 9, repeating its original answer but adding the following in place of the last two sentences:

> In 2017, Plaintiff made a weather-related insurance claim for roof damage that, in part, resulted in the March and April 2018 roof replacement as reflected in the H&H invoices bates labeled TI-0182 to TI-0184. Plaintiff does not recall for sure who made the 2017 claim but believes it was likely Plaintiff's insurance agent, as was the case with this claim in 2019. Plaintiff made the claim because the property sustained covered damage from a weather-related event. The documents in Plaintiff's possession related to the 2017-2018 insurance claim are bates labeled TI-0895-TI-907.[14]

---

[11]  ECF No. 30-5 at 5-6.

[12]  ECF No. 30-1 at 3.

[13]  ECF No. 30-2 at 2.

[14]  ECF No. 30-8 at 6.

Request for Production No. 13 seeks the following:

> Your complete files regarding any other claims for damages, compensation and/or insurance coverage that Plaintiff has filed within the last ten years for property damage at the Townsman Inn, inclusive of documents and communications and any ESI relating to these items.

Plaintiff responded as follows:

> Plaintiff objects that this request is overly broad in terms of scope and time as it seeks documents and information about prior claims that have nothing to do with the property damage at issue in this case or the claim at issue in this matter and therefore, is not calculated to lead to the discovery of evidence relevant to any party's claim or defense. The roofs damaged at the Townsman Inn were just over one year old in May 2019, when the storm at issue hit the property. Plaintiff has produced documents regarding the 2017 roof damage claim bates labeled TI-0895-TI-907.[15]

Defendant similarly offered to limit the scope of the request to "weather or act of god property damage claims Plaintiff has made in the last 10 years at the Townsman Inn."[16] Plaintiff then amended its response to confirm its position that property damage claims unrelated to the roof are irrelevant:

> Plaintiff objects that this request is overly broad in terms of scope and time as it seeks documents and information about prior claims that have nothing to do with the property damage at issue, i.e., which is limited to roof damage on roofs that were just over a year old in May 2019, or the claim at issue in this matter and therefore, is not calculated to lead to the discovery of evidence relevant to any party's claim or defense. Moreover, weather related property damage claims that are not related to the property's roof are not relevant to any of the parties' claims or defenses. The roofs that were damaged at the Townsman Inn and that are at issue in this case were just over one year old in May 2019, when the storm at issue hit the property. In 2017, Plaintiff made a weather related property damage claim that resulted, in part, in the nearly new roofs that were subsequently damaged in the 2019 storm. Accordingly, Plaintiff produced the documents it has in its possession

---

[15] ECF No. 30-6 at 5.

[16] ECF No. 30-1 at 2.

regarding the 2017 roof damage claim, which are bates labeled TI-0895-TI-907.[17]

Defendant contends the information and documents it seeks from past weather-related or act-of-God insurance claims Plaintiff has made for this property are relevant because they could lead to the discovery of photographs, reports, inspections, appraisals and/or repairs of the Townsman Inn and its roof before and after the hailstorm Plaintiff alleges caused damage to the roof. Defendant also asserts the discovery requests are narrowly tailored as they are limited to claims of the same type and to the same property.

Plaintiff disagrees, believing it has produced all relevant responsive information and documents by serving items related to a 2017 insurance claim for weather-related roof damage that resulted in roof replacements in March and April 2018. According to Plaintiff, the 2018 roof replacement means evidence of prior roof damage would have no bearing on whether the May 2019 hailstorm caused the damage at issue in this case.

But as Defendant notes, through discovery it has obtained evidence suggesting the 2018 roof work was not a total replacement. Specifically, Defendant has photographs of extensive rust on some roof components that Defendant avers would likely not have accumulated in 13 months, and other photographs showing some of the metal roof vents were not replaced in 2018 and remain in place. Defendant points out that Plaintiff claims damage to these roof vents from the 2019 hailstorm. Moreover, Defendant insured this property for a single year (May 7, 2018 through May 7, 2019), so its ability to demonstrate damage to the vents before the policy was effective would be highly relevant to its defense.

The Court agrees the discovery in dispute is relevant to Defendant's defenses, so long as

---

[17] ECF No. 30-7 at 5.

it is limited to claims for damages, compensation, and/or insurance coverage that Plaintiff has filed within the last ten years arising from weather-related or act-of-God damages to the roof and roof components of the Townsman Inn. The specific language of the modification Defendant proposes does not limit the requested discovery to claims involving only the roof. However, Plaintiff has stipulated "that its claim for damages in this case is limited to the roofs and roof components."[18] Accordingly, with this understanding, Interrogatory No. 9 and RFP No. 13 are narrowly focused and not overly broad in scope or temporally. If the roof of the Townsman Inn has been damaged in the last ten years and Plaintiff sought and/or received compensation for the damage, Defendant is entitled to such information to assist in its defense. Ten years is a reasonable period of time given the structure at issue is a roof. Plaintiff posed no other objection, and the Court overrules the objection of relevancy.

## IV.     Sanctions

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the responding party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion.[19] The court must not order payment, however, if the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust.[20]

---

[18] The parties use the singular "roof" in their briefing, but the complaint asserts "[t]he Property consists of two single-story commercial buildings for a motel operating under the name Townsman Inn. The roofs of these buildings were replaced in March of 2018." ECF No. 1 ¶7.

[19] Fed. R. Civ. P. 37(a)(5)(A).

[20] Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).   The rule also provides no such payment shall be awarded if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.   Fed. R. Civ. P. 37(a)(5)(A)(i).   The Court has found to the contrary.

In its motion, Defendant makes no request for sanctions, and the Court finds under the applicable standard that none should be imposed. Plaintiff provided more discovery responses after receiving Defendant's motion, some of which made a portion of the motion moot. Accordingly, the Court will not impose sanctions.

**IT IS THEREFORE ORDERED THAT** Plaintiff's objections to Interrogatory No. 9 of Defendant's First Set of Interrogatories and Request for Production No. 13 of Defendant's First Set of Requests for Production are **OVERRULED**. Defendant Western World Insurance Company's Motion to Compel Responses to Written Discovery (ECF No. 29) is **GRANTED** with respect to Interrogatory No. 9 and Request for Production No. 13 insofar as the discovery relates to claims for damages, compensation, and/or insurance coverage that Plaintiff has filed within the last ten years arising from weather-related or act-of-God damages to the roof and roof components of the Townsman Inn.

**IT IS FURTHER ORDERED THAT** Plaintiff shall comply within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

Dated this 18th day of February, 2022, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge